**The below described is SIGNED.**

Dated: September 05, 2012

*/s/ R. Kimball Mosier*
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 12-20632 |
| Jeffery Lang Potter, and  Roni Elizabeth Potter | Chapter 7 |
| Debtors. | Judge R. Kimball Mosier |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTORS' MOTION TO CONVERT

The motion of Jeffery Lang Potter and Roni Elizabeth Potter (Debtors) to convert their case from chapter 7 to chapter 13 came before the Court on August 30, 2012. Lou Gehrig Harris of the Law Offices of Lou Gehrig Harris, Inc. appeared on behalf of the Debtors. Philip G Jones, the Chapter 7 trustee (Trustee) appeared on behalf of himself.

The Debtors filed a voluntary chapter 7 petition on January 19, 2012. On June 7, 2012 the Debtors filed a motion to convert their case to one under Chapter 7. This case has not been converted under §§ 1112, 1307, or 1208 of the United States Bankruptcy Code, and the Debtors allege that they are eligible to be debtors under chapter 13 of the Bankruptcy Code.

The Trustee filed an objection to the Debtors' motion to convert alleging that at the Debtors' first meeting of creditors which was conducted on March 7, 2012, Ms. Potter testified

that she had no lawsuits pending against any party and had not settled any lawsuits prior to the first meeting of creditors, but that in fact, the Trustee subsequently became aware that Ms. Potter had filed litigation against Pine Reath Ranch alleging damages of $420,000 and had settled that lawsuit and received proceeds. The Trustee further argues that the Debtors have refused to respond to the Trustee's inquiries for information regarding their assets. Although not expressly stated, the Trustee argued that the Debtors were not proceeding in good faith and the Court should deny the motion to convert. Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007).

The Trustee has obtain offers and sought Court approval to sell undisclosed assets of the estate for a total purchase price of $29,000.00. At the hearing of August 30, 2012, the Debtors maintained that their failure to list these assets was inadvertent. When asked by the Court if there were other assets to be liquidated, the Debtors disclosed that, on March 9, 2012, a mere two days following the first meeting of creditors, Ms. Potter had engaged in mediation and settled her claim against Pine Reath Ranch Corporation and others, and signed a mediation settlement agreement which provided for payment of cash to Ms. Potter and released to Ms. Potter claims or title to other undisclosed assets. Based on the record before the Court and the undisputed facts, the Court determined that further evidence is not necessary and makes the following;

**Findings of Facts.**

1. The Debtors filed a voluntary chapter 7 petition on January 19, 2012.

2. The Debtors filed their Schedules and Statement of Financial Affairs on January 19, 2012.

3. The Debtors' Schedules and Statement of Financial Affairs did not disclose the litigation against Pine Reath Ranch that was pending at the time Debtors filed their chapter 7 petition, 84.444436 Net Mineral Acres in Duchesne County, nor 72,125.50 shares of Pine Reath Ranch stock.

4. At the first meeting of creditors held pursuant to 11 U.S.C. § 341on March 7, 2012, despite questioning by the Trustee, the Debtors did not disclose any of the assets listed in the preceding paragraph.

5. Two days after the first meeting of creditors, Ms. Potter meditated and settled the undisclosed lawsuit and received cash and interests in other undisclosed assets.

6. On May 12, 2012, the Eight Judicial District Court of Duchesne County State of Utah entered an Estate Closing Order for the estate of Elton P. Potter and N. Arva Potter, parents of Jeffery Lang Potter.

7. On April 19, 2012, the Trustee filed a motion to sell the Pine Reath Ranch stock, and filed an amended motion on July 18, 2012.

8. On April 24, 2012 , the Trustee filed a motion to sell Parcel 3 of 37.53 acres of land.

9. The Debtors' motion to convert from chapter 7 to chapter 13 was filed on June 7, 2012.

10. On July 19, 2012, the Debtors amended Schedule A to disclose a 1968 Mobile home (purchased for $100.00) and 72,150.50 shares of Pine Reath Ranch stock valued at $5,000.00, the amount the Trustee received from the sale of the stock. The Debtors also amended Schedule C purporting to claim a real property homestead exemption in the mobile home, and purporting to include the stock in the description of property claimed as exempt.

11. The Debtors have not otherwise amended their Schedules and Statement of Financial Affairs.

12. On August 3, 2012, the United States Trustee filed an adversary complaint objecting to the Debtors' discharge.

Based on the foregoing facts, the Court enters the following;

**Conclusions of Law.**

A debtor may forfeit the right to proceed from Chapter 7 to Chapter 13. The express limitation of 11 U.S.C. § 706(d) provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." A ruling that a case should be dismissed or converted because of bad faith is tantamount to a ruling that the individual does not qualify as a Chapter 13 debtor. Neither § 706 nor § 1307(c) limit a court's authority to take appropriate action in response to a Debtors' conduct that is atypical of chapter 7 debtors. A debtor whose conduct that is atypical and qualifies as "bad faith" demonstrates that he is not entitled to the relief available to the typical debtor. The broad authority granted to a bankruptcy judge to take any action that is necessary or appropriate to prevent an abuse of process described in § 105(a) of the Code, is adequate to authorize the denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors. Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007).

The Court finds the Debtors' assertion, that their failure to disclose significant assets was inadvertent, is not credible, particularly in light of their knowledge and failure to amend their Schedules and Statement of Financial Affairs. The Debtors were obviously aware at the time of

the § 341 meeting that mediation on Ms. Potter's claims against Pine Reath Ranch was scheduled to begin two days after the § 341 meeting.  Notwithstanding the Trustee's questioning, the Debtors failed to disclose this litigation as well as other assets.  Without the Trustee's knowledge or consent, Ms. Potter participated in the mediation and compromised a claim that was property of the estate and subsequently converted the settlement payment which was property of the estate.  The Trustee's questioning and Debtors' knowledge of the meditation clearly put them on notice that their Schedules and Statement of Financial Affairs were inaccurate.  The Court cannot accept as typical conduct, a debtor's continued concealment of assets in the face of questioning by the Trustee and conversion of estate assets after they are put on notice that their Schedules and Statement of Financial Affairs are materially inaccurate.

     Based on the Court's findings that the Debtors have acted in bad faith and that they have engaged in conduct that has interfered with the Trustee's efforts to administer their case and the bankruptcy estate, the Court concludes that in order to prevent the abuse of process and pursuant to its authority under § 105(a) of the United States Bankruptcy Code, Debtors' motion to convert their case to one under chapter 13 should be denied.

--------------------------------------------END OF DOCUMENT--------------------------------

_____ooo0ooo_____

## SERVICE LIST

      Service of the foregoing **Findings of Fact and Conclusions of Law Regarding Debtors' Motion to Convert** will be effected through the Bankruptcy Noticing Center to the following parties.

Lou G. Harris
Law Offices of Lou Gehrig Harris, Inc.
6788 South 1300 East
Cottonwood Heights, UT 84121

Philip G. Jones
853 West Center Street
Orem, UT 84057


United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111